UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

        Plaintiff,

vs.

One Hundred Nine Thousand Six Hundred Dollars ($109,600.00) in U.S. Currency,

        Defendant *in rem*.

Case No. 24-cv-10350
Honorable:
Mag. Judge:

## Complaint for Forfeiture

Plaintiff, the United States of America, by and through Dawn N. Ison, United States Attorney for the Eastern District of Michigan, and Adriana Dydell, Assistant United States Attorney, state the following in support of this Complaint for Forfeiture:

### Jurisdiction and Venue

1. This is an *in rem* civil forfeiture action under 31 U.S.C. § 5332(c) and/or 31 U.S.C. § 5317(c)(2), resulting from a violation of or violations of 31 U.S.C. § 5332(a) and/or 31 U.S.C. § 5316(a)(1)(A).

2. This Court has original jurisdiction over this forfeiture action under 28 U.S.C. § 1345 because this action is being commenced by the United States of America as Plaintiff.

3. This Court has jurisdiction over this forfeiture action under 28 U.S.C. § 1355(b)(1)(A) and (B) because the acts giving rise to the forfeiture occurred in the Eastern District of Michigan and because the property was found in this district.

4. Venue is proper before this Court under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this action occurred in the Eastern District of Michigan.

5. Venue is also proper before this Court under 28 U.S.C. § 1395(b) because the Defendant *in rem* was found and seized in the Eastern District of Michigan.

## Defendant in rem

6. The Defendant *in rem* consists of One Hundred Nine Thousand Six Hundred Dollars ($109,600.00) in U.S. Currency.

7. Members of the U.S. Customs and Border Protection ("CBP") and Homeland Security Investigations ("HSI") seized the Defendant *in rem* at the Detroit Metropolitan Airport in Romulus, Michigan on or around January 22, 2023.

8. The Defendant *in rem* is currently in the custody of CBP.

## Underlying Criminal Statutes

9. 31 U.S.C. § 5316(a)(1)(A) prohibits failure to report on exporting and

2

importing monetary instruments:

> (a) Except as provided in subsection (c) of this section, a person or an agent or bailee of the person shall file a report under subsection (b) of this section when the person, agent, or bailee knowingly—
> > (1) transports, is about to transport, or has transported, monetary instruments of more than $10,000 at one time—
> > > (A) from a place in the United States to or through a place outside the United States. . .

10. 31 U.S.C. § 5332(a) prohibits bulk cash smuggling into or out of the United States:

> (a) Criminal Offense.—
> > (1) In general.—
> > Whoever, with the intent to evade a currency reporting requirement under section 5316, knowingly conceals more than $10,000 in currency or other monetary instruments on the person of such individual or in any conveyance, article of luggage, merchandise, or other container, and transports or transfers or attempts to transport or transfer such currency or monetary instruments from a place within the United States to a place outside of the United States, or from a place outside the United States to a place within the United States, shall be guilty of a currency smuggling offense and subject to punishment pursuant to subsection (b).
> > (2) Concealment on person.—
> > For purposes of this section, the concealment of currency on the person of any individual includes concealment in any article of clothing worn by the individual or in any luggage, backpack, or other container worn or carried by such individual.

## **Statutory Basis for Civil Forfeiture**

11. 31 U.S.C. § 5317(c)(2) governs the civil forfeiture of property which is involved in a violation of 31 U.S.C. § 5316(a)(1)(A):

> (2) Civil forfeiture.—
> > (A) In general.—

3

> Any property involved in a violation of section 5313, 5316, or 5324 of this title, or any conspiracy to commit any such violation, and any property traceable to any such violation or conspiracy, may be seized and forfeited to the United States in accordance with the procedures governing civil forfeitures in money laundering cases pursuant to section 981(a)(1)(A) of title 18, United States Code.

12. 31 U.S.C. § 5332(c) provides for the civil forfeiture of property involved in and/or or facilitating bulk cash smuggling:

> (c) Civil Forfeiture.—
> (1) In general.—
> Any property involved in a violation of subsection (a), or a conspiracy to commit such violation, and any property traceable to such violation or conspiracy, may be seized and forfeited to the United States.
> (2) Procedure.—
> The seizure and forfeiture shall be governed by the procedures governing civil forfeitures in money laundering cases pursuant to section 981(a)(1)(A) of title 18, United States Code.
> (3) Treatment of certain property as involved in the offense.—
> For purposes of this subsection and subsection (b), any currency or other monetary instrument that is concealed or intended to be concealed in violation of subsection (a) or a conspiracy to commit such violation, any article, container, or conveyance used, or intended to be used, to conceal or transport the currency or other monetary instrument, and any other property used, or intended to be used, to facilitate the offense, shall be considered property involved in the offense.

## Factual Basis in Support of Forfeiture

13. The Defendant *in rem* was involved in a knowing violation or violations of 31 U.S.C. § 5332(a) and/or 31 U.S.C. § 5316(a)(1)(A) and is therefore subject to federal civil forfeiture under 31 U.S.C. § 5332(c) and/or 31 U.S.C. § 5317(c)(2). Evidence supporting forfeiture includes, but is not limited to, the following:

4

a. On January 22, 2023, a CBP officer stopped Miock Dong Schaffer, a citizen of the Republic of Korea and a permanent resident of the United States, at Detroit Metro Airport as she was boarding Delta 159 to Seoul, South Korea.

b. The CBP officer explained the currency reporting requirements to Schaffer.

c. The CBP officer asked Schaffer if she understood the currency reporting requirements and she responded "yes."

d. Schaffer stated she had $9,600 U.S. Currency.

e. CBP provided Schaffer with a CBP Form 503 written in Korean.

f. Schaffer signed the CBP 503 reporting $9,600 U.S. Currency.

g. CBP asked Schaffer to present all the currency she was carrying.

h. Schaeffer removed two bundles of currency from her handbag.

i. During a subsequent baggage examination, CBP discovered ten (10) bundles of currency concealed in the lining of Schaffer's carry-on bag.

j. In total, Schaffer possessed $109,600 U.S. Currency.

  k. An HSI agent subsequently interviewed Schaffer with the assistance of a Korean translator.

  l. Schaffer told the agent that she thought it was okay not to disclose the entire amount of money she had and that she did not want the money to be stolen or lost.

  m. Schaffer said the money was hers and she earned approximately $20,000.00 yearly from cleaning.

  n. Subsequent investigation revealed that Ms. Schaffer worked at Tiger Spa in Warren, Ohio.

  o. In March 2023, HSI executed a search warrant at Tiger Spa as part of an investigation into human trafficking and money laundering.

### Claim for Relief

14. Plaintiff re-alleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 13.

15. The Defendant *in rem* is forfeitable to the United States of America under 31 U.S.C. § 5332(c) and/or 31 U.S.C. § 5317(c)(2) because it was involved in a knowing violation or violations of 31 U.S.C. § 5332(a) and/or 31 U.S.C. § 5316(a)(1)(A).

## Conclusion and Relief

Plaintiff requests that this Court issue a warrant for arrest of the Defendant *in rem*; that due notice be given to all interested parties to appear and show cause why forfeiture should not be decreed; that judgment be entered declaring the Defendant *in rem* condemned and forfeited to the United States for disposition according to law; and, that the United States be granted such other and further relief as this Court may deem just and proper, together with costs and disbursements of this action.

                                        Respectfully submitted,

                                        Dawn N. Ison
United States Attorney

                                        <u>S/Adriana Dydell</u>
Adriana Dydell (CA 239516)
Assistant U.S. Attorney
211 W. Fort Street, Ste. 2001
Detroit, Michigan 48226
(313) 226- 9125
Adriana.Dydell@usdoj.gov

Dated: February 11, 2024

# **VERIFICATION**

I, Joshua K. Edwards, state that I am a Special Agent with Homeland Security Investigations ("HSI"). I have read the foregoing Complaint for Forfeiture and declare under penalty of perjury that the facts contained therein are true and correct based upon knowledge possessed by me and/or upon information received from other law enforcement agents.

_____
Joshua K. Edwards, HSI SA

Dated: __February 11__, 2024

8